IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
DEC 14 2005
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:05cr-302-A |
| ) | [18 U.S.C. § 922(g)(1)] |
| SOLOMON JEROME MCWILLIAMS ) | |
| ) | INDICTMENT |
| ) | |

The Grand Jury charges:

### Count 1

On or about October 18, 2004, in Montgomery County, within the Middle District of Alabama,

SOLOMON JEROME MCWILLIAMS,

having been convicted of the following felony offenses, each crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama:

(a) Possession of Cocaine in the Circuit Court of Montgomery County, Alabama, Case No. 94-002377-00 on or about December 20, 1994;

(b) Receiving Stolen Property in the Second Degree in the Circuit Court of Montgomery County, Alabama, Case No. 93-002046-00 on or about January 12, 1994; and

(c) Unlawful Possession or Receiving of a Controlled Substance in the Circuit Court of Montgomery County, Alabama, Case No. 93-002047-00 on or about January 12, 1994,

did knowingly possess in and affecting commerce a firearm, to-wit: a Ravin Arms, Model P25, .25 caliber pistol, with serial number 004453, in violation of Title 18, United

States Code, Section 922(g)(1).

## Forfeiture Allegation

A. Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment,

SOLOMON JEROME MCWILLIAMS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following: a Ravin Arms, Model P25, .25 caliber pistol, with serial number 004453.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant

1. cannot be located upon the exercise of due diligence;
2. has been transferred and sold to, and deposited with a third person;
3. has been placed beyond the jurisdiction of the court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be divided

without difficulty; the court shall pursuant to Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c), order the forfeiture of any

other property of the defendant up to the value of any property described in paragraph B above. All in violation of Title 18, United States Code, Sections 922(g) and 924(d).

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

*[signature]*
JOHN T. HARMON
Assistant United States Attorney

*[signature]*
CHRISTOPHER A. SNYDER
Assistant United States Attorney