IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CR. No.: 2:05CR0302-WHA |
| ) | |
| ) | |
| **SOLOMON J. MCWILLIAMS** ) | |

**MOTION TO SUPPRESS VEHICLE SEARCH**
**(Evidentiary Hearing Requested)**

**COMES NOW**, the Defendant, Solomon J. McWilliams, by and through undersigned counsel, Kevin L. Butler, and pursuant to the Fourth Amendment to the United States Constitution, moves this Court for an Order suppressing the firearm and any statements illegally seized as a result of the search and seizure of the vehicle driven by Solomon McWilliams on October 18, 2004.

**Facts**

On October 18, 2004, the Montgomery Police Department responded to the alleged home robbery at 304 Wayne Street, Montgomery, AL (the residence). During the investigation no information was provided to police indicating that any of the robbery suspects where driving a vehicle or had any connection to Solomon McWilliams. In fact, the victims of the robbery indicated that the robbers were masked and "ran" down the street after exiting the residence. While conducting their police investigation, Solomon McWilliams pulled his vehicle into the residence's driveway. He then exited his vehicle and approached the residence. After Mr. McWilliams had walked approximately 20 yards from the vehicle, he was approached by the police and questioned regarding the robbery. During this questioning Mr. McWilliams did not pose a flight risk or danger risk to the questioning officers and he informed the police he had no

knowledge of the robbery. Neither as a result of the direct questioning of Mr. McWilliams nor the questioning of the residence's occupants was probable cause developed to believe the Mr. McWilliams had anything to do with the robbery or that the vehicle contained contraband. Nevertheless, after questioning Mr. McWilliams, the police improperly sought and obtained consent to search Mr. McWilliams' vehicle. Mr. McWilliams moves to suppress the search of the vehicle.

## Argument

There was not probable cause to believe that Mr. McWilliams' vehicle contained contraband. Therefore, the warrantless search of the "stopped/stationary" vehicle must be suppressed.[1]

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

In this case, the vehicle that was searched was parked in a driveway. At issue is whether the police could conduct a warrantless search of the vehicle. Because Mr. McWilliams was questioned approximately 20 yards from the stopped vehicle, cooperated fully with the police, and posed no danger to the police the vehicle and its possible contents did not cause a safety concern. Therefore, a *Terry* frisk/search of the vehicle or Mr. McWilliams was not necessary for

---

[1] In this case the vehicle was not stopped by police. Therefore, a "vehicle stop" is not the basis for this motion. This motion challenges the search of a stopped vehicle.

officer safety. See e.g. *Terry v. Ohio*, 392 U.S. 1 (1968). The only way the police could constitutionally seek permission to search the vehicle is if given all the facts and circumstances in their possession, there was a fair probability that contraband or evidence of a crime would be found in the car (i.e. they had probable cause to believe the vehicle contained contraband). See *Illinois v. Gates*, 462 U.S. 213 (1983).

In this case, there was not probable cause to believe the vehicle contained contraband or was involved in a crime. Specifically, 1) the police were investigating a residential burglary; 2) other than the fact that Mr. McWilliams had previously been an invited guest in the residence, there was absolutely no information indicating he was involved in the robbery; 3) all witnesses indicated the robbers left on foot (not in a vehicle); 4) there was absolutely no evidence indicating that a vehicle was used in the robbery (or any crime) or that items used during the robbery (or any crime) or proceeds from the robbery would be found in the vehicle. The police were simply fishing for evidence. This form of police search is prohibited by the Constitution.

**WHEREFORE,** Mr. McWilliams asks this Court to enter an order suppressing all evidence (statements and items) seized as a result of the vehicle search and any statements made by Mr. McWilliams subsequent to the vehicle search.

Dated this 23rd day of February 2006.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099; Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

Case 2:05-cr-00302-WHA-VPM   Document 11   Filed 02/23/2006   Page 4 of 5

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CR. No.: 2:05CR0302-WHA |
| ) | |
| ) | |
| **SOLOMON JEROME MCWILLIAMS** ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Christopher A. Snyder, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138