IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR302-WHA |
| | ) | |
| SOLOMON J. MCWILLIAMS | ) | |

**ORDER**

On 23 February 2006, the defendant, SOLOMON J. MCWILLIAMS, filed a Motion To Suppress Vehicle Search (Doc. # 11). McWilliams seek suppression of the search of his vehicle on 18 October 2005 in Montgomery, Alabama, and he requests an evidentiary hearing. The face of the motion itself, however, strongly suggests that no evidentiary hearing is required and that the motion has dubious merit.

## I.   FACTS

For the purpose of deciding the motion to suppress, and in the absence of dispute by the government, the court accepts the facts alleged by McWilliams to be true. The materials facts, as set forth by McWilliams, are as follow:

1. On 18 October 2005, Montgomery police officers responded to an alleged robbery of a residence in the city.

2. During their investigation, the officers were not provided any information which pointed to the involvement of McWilliams or his vehicle. Instead, the victims told the officers that the robbers "ran" down the street.

3.  During their investigation, McWilliams drove into the driveway of the victims' residence, exited his vehicle and approached the house.

4.  Officers approached him and questioned him, in response to which, he stated that he knew nothing about the robbery.

5.  Officers did not have probable cause to believe that McWilliams was involved in the robbery or that his vehicle contained contraband.

6.  They asked McWilliams if they could search his vehicle, and McWilliams, who had cooperated with the officers, consented to the search.

## II.  DISCUSSION

As his sole basis for suppression, McWilliams argues that the officers did not have probable cause to request consent to search the vehicle. Indeed, he contends that:

> The only way the police could constitutionally seek permission to search the vehicle is if given all the facts and circumstances in their possession, there was a fair probability that contraband or evidence of a crime would be found in the car (i.e. they had probable cause to believe the vehicle contained contraband). See *Illinois v. Gates*, 462 U.S. 213 (1983).

First, that proposition, i.e., that police officers must have probable cause to request consent to search a vehicle, contradicts applicable constitutional law and theory. "[T]here is nothing constitutionally suspect in a person's voluntarily allowing a search". **Schneckloth v. Bustamonte**, 412 U.S. 218, 243 (U.S. 1973).

McWilliams cites **Illinois v. Gates**, but the Supreme Court did not reach that conclusion in **Gates;** nor did it reach a conclusion that could reasonably be construed as

authority for McWilliams' proposition. Indeed, the facts in Gates did not involve a warrantless search or consent.[1] Instead, Gates discussed - at great length - the particulars of probable cause as reflected in an affidavit for a search warrant. Few, if any, of its principles are applicable to the facts of this case, and counsel's reliance upon *Gates* in this case is enigmatic.

McWilliams is correct in his assertion that an officer can conduct a warrantless search or seizure of a vehicle if there exists probable cause to believe that the vehicle contains contraband or other evidence which is subject to seizure under the law and there exist exigent circumstances which necessitate a search or seizure. *United States v. Alexander*, 835 F.2d 1406, 1409 (11th Cir. 1988). Probable cause to search exists "when the facts and circumstances would lead a reasonably prudent [person] to believe that the vehicle contains contraband." *Id*., quoting *United States v. Clark*, 559 F.2d 420, 424 (5th Cir.), **cert. denied**, 434 U.S. 969, 98 S. Ct. 516, 54 L. Ed. 2d 457 (1977). **See also *United States v. Nixon***, 918 F.2d 895 (11th Cir. 1990).

However, probable cause to search McWilliams' vehicle is not an issue in this case because (1) in the absence of probable cause, officers may execute a warrantless search of a vehicle if the defendant consents to the search, and (2) in the instant case, the defendant *admits* that he *consented* to the search. "A warrantless search undertaken without probable cause is valid if conducted pursuant to consent." *United States v. Butler*, 102 F.3d 1191, 1197 (11th Cir. 1997).

---

[1] *Katz v. United States*, 389 U.S. 347 (1967), is inapplicable for the same reasons. Thus, the court rejects McWilliams' reliance upon that opinion as well.

McWilliams has not alleged that his vehicle was searched without his consent. Indeed, he acknowledges that he consented to the search and does not allege that it was coerced. "Consent is valid if obtained voluntarily." *Id*.[2]

Accordingly, it is ORDERED as follows:

1. On or before 1 March 2006, the government shall file a response to the court's statement of facts in this order. Government's counsel need only duplicate the court's numbered facts and indicate "Disputed" or "Undisputed", as appropriate.

2. On or before 3 March 2006, McWilliams shall show cause in writing why his motion to suppress should not be summarily denied. Specifically, McWilliams is DIRECTED to cite the court to cases or authorities which support his argument that *police officers must nevertheless have probable cause to request permission or consent to search a vehicle* in the absence of probable cause to conduct a warrantless search without consent. The court is especially interested in McWilliams' explanation of how officers "constitutionally seek permission to search [a] vehicle". The defendant is therefore DIRECTED to set forth the steps required to request consent constitutionally.

3. If McWilliams cannot refer the court to authorities supporting his argument,

---

[2] Consent to search is effectively a waiver of Fourth Amendment protections. Indeed, a consent to search a vehicle need not be knowing and intelligent. *Schneckloth v. Bustamonte*, 412 U.S. at 241 (In contrast to waiver of Fifth or Sixth Amendment rights, "[t]he protections of the Fourth Amendment are of a wholly different order, and have nothing whatever to do with promoting the fair ascertainment of truth at a criminal trial.")

the Magistrate Judge will enter a Recommendation that the motion be denied.

DONE this 27th day of February 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE