### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:05CR302-WHA** |
| | ) | |
| **SOLOMON JEROME MCWILLIAMS** | ) | |
| | ) | |
| | ) | |

---

### United States' Response to Defendant's Motion for Suppression of Evidence

---

Defendant Solomon Jerome McWilliams's Motion to Suppress should be denied.  As the Court noted in Its February 27, 2006 Order, McWilliams has cited to no authority for the proposition that police officers must have probable cause to request consent to search a vehicle. In fact, well-settled law states exactly the opposite.  Faced with this reality, McWilliams is now attempting to reverse course.  He is now arguing that he did not consent to the search of his vehicle.  Not only are his allegations nowhere to be found in his original Motion, but his new allegations are not supported with any applicable law.  McWilliams's Motion and request for an evidentiary hearing should therefore be denied.

## I.    Background

On February 23, 2006, McWilliams filed a Motion to Suppress Vehicle Search.  In response, the Court then issued an Order, which required the United States to "file a response to the court's statement of facts" in the Order.[1]  Pursuant to the Court's Order, the United States responds as follows:

    1.    Undisputed;

---

[1] Doc. 12 at 4.

2.      Disputed;

3.      Undisputed;

4.      Undisputed;

5.      Disputed;

6.      Undisputed.

The Court's Order also required that on or before March 3, 2006, McWilliams "cite the court to cases or authorities which supported his argument that police officers must nevertheless have probable cause to request . . . consent to search a vehicle. . . ."[2]  Instead of following this mandate, however, McWilliams has filed a Supplement to his Motion this morning (March 3, 2006), which cites to no law.  Apparently waiving his prior contention that the police need probable cause to obtain consent, McWilliams now argues that he never gave consent in the first place.  Oddly, this argument is found nowhere in McWilliams's original motion and has only been presented to the Court after the Court noted that his original Motion had "dubious merit."[3]  Because both the Motion and the Supplement are indeed without merit, they both should be denied.

## II.     Arguments

### A.      The Contention that Police Must Possess Probable Cause Before a Suspect May Consent to a Search Contradicts Well-Settled Law.

Defendant's assertion that a police officer must have probable cause before obtaining consent is found nowhere in the law.  As the Court has already noted, "[a] warrantless search

---

[2] *Id.*

[3] *Id.* at 1.

undertaken without probable cause is valid if conducted pursuant to consent."[4]  Moreover, "law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions."[5]  This is the law, and it is well-settled.  McWilliams cites to no authorities to contradict this law.  His Motion should therefore be denied.

### B.    McWilliams's New Allegations Are Mentioned Nowhere in His Original Motion and Are Not Supported Under the Law.

Apparently realizing that his Motion was not legally tenable, McWilliams now has filed a Supplement to his Motion, which alleges that he never gave consent.  These new allegations are factually questionable and are not supported with any legal citations.  McWilliams's supplemental allegations should therefore also be denied.

First, the new allegations are factually doubtful.  In McWilliams's original Motion, he noted that:

> While conducting their police investigation, [McWiliams] pulled his vehicle into the residence's driveway.  He then exited his vehicle and approached the residence. After [he] had walked approximately 20 yards from the vehicle, he was approached by the police and questioned regarding the robbery.[6]

Several of these facts must have come from McWilliams himself.  In the discovery which is in the possession of the Government and which has been provided to McWilliams, there is no

---

[4] Doc. 12 at 3 (citing *United States v. Butler*, 102 F.3d 1191, 1197 (11th Cir. 1997)).

[5] *Florida v. Royer*, 460 U.S. 491, 498 (1983).

[6] Doc. 11 at 1.

mention of McWilliams "pulling into a <u>driveway</u>," "<u>exiting his vehicle</u>," or "<u>walk[ing] approximately 20 yards</u> from the vehicle."[7]  The statements are generally consistent with the discovery materials, however, they provide a type of specificity that only could have come from a person who was present at the scene of the search.

Now, McWilliams has recanted those statements.  Exactly the opposite of what he said previously, he now states that he actually denied consent to the police, when they requested it, and told them, "what for, that car ain't got nothin' to do with this . . . .'"[8] McWilliams also contends that the police searched his car anyway under false pretenses.   McWilliams, however, provides no support for the source of these statements, and the Government asserts that McWilliams must have provided them to defense counsel himself recently.[9]  In a conversation on March 2, 2006, the day before this Supplement was filed and several days after the Court's order, Government counsel contacted defense counsel to discuss this case.  In the conversation, defense counsel advised that he had a pending motion due in another case, but that he would be visiting his client in order to discuss the case at around 4:00 p.m.  At 10:10 a.m. the next day, this Supplement was filed and a new version of facts appeared with a notation that McWilliams wanted to proceed to trial.[10]

Given this paradox between two different versions of his own facts, the question arises: If McWilliams knew all along that he never consented to a search of his car, then why did he

---

[7] *Id.* (emphasis for details not specifically referred to in the discovery).

[8] Doc. 16 at 1.

[9] The Government is not alleging any wrongdoing on the part of defense counsel and believes that counsel is reporting the facts as they are presented to him.

[10] Doc. 16 at n.1.

state that he consented to the search when he filed his first motion to suppress?[11]  The answer has

to be that he is now presenting this new version to avoid losing a legally questionable motion.

This answer makes even more sense given McWilliams's recent interest in going to trial.

Because his supplemental facts are dubious at best, McWilliams's Supplement to his Motion

should be denied.

    McWilliams's Supplement should also be denied because its contains only bare

allegations without legal support.  Nevertheless, to extent that McWilliams is now arguing that

the police obtained his consent through deception—an allegation that the Government strongly

objects to and disagrees with—his Supplement should nonetheless be denied.  "[A]t least since

*Schneckloth v. Bustamonte*, [412 U.S. 218 (1973),] it cannot be said that such deception is

inherently incompatible with consent, for in *Schneckloth* the Court adopted the voluntariness test

from the coerced confession cases, which has not been deemed to compel the exclusion of

statements obtained by police misrepresentation of the crime under investigation."[12]

## III.    Conclusion

    McWilliams's original Motion did not present any valid legal grounds that supported it.

Now seeing this, McWilliams wants a second crack at his Motion.  To do so, his Supplement

completely revises his version of what transpired when the police questioned him.  In so doing,

he has created an new, but unbelievable version of the facts, which do not provide any legal or

---

    [11] *See* Doc. 11 at 2.

    [12] 3 W.R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 8.2(n) at 232 (2d ed. 1987) (noting also that the test appears to be whether the police "deception is 'fair'"); *see also United States v. Boukater*, 409 F.2d 537, 539 (5th Cir. 1969) (statement by agent in which agent either said or implied that the defendant might as well consent because a warrant could be quickly obtained if he refused did not invalidate consent). *But see United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977) (holding that agent violations were so egregious to invalidate consent).

factual support, and which should also be denied.  For the same reasons, an evidentiary hearing likewise is not necessary in this case.[13]

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Kevin L. Butler.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney

---

[13] Were the Court find McWilliams's new facts to be tenable, the United States would request leave to file an additional response after it has had a reasonable opportunity to speak with arresting officer in this case regarding these supplemental allegations.  The United States attempted to do so today, but was unable to reach the officer, who is currently on military leave.