IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR302-WHA |
| | ) | |
| SOLOMON JEROME MCWILLIAMS | ) | |

**ORDER**

This case remains pending on the defendant's Motion to Suppress evidence, initially filed on 23 February 2006 (Doc. # 11). In that motion, the defendant acknowledged that he consented to the search of his vehicle, but alleged that officers "improperly sought and obtained consent" (Doc. # 11, p. 2). Based on the defendant's acknowledgment that he consented to the search, the court then directed the defendant to show cause why the motion should not be denied (Doc. # 12). In his response to the order, the defendant now contends that he "did not provide consent to search his vehicle" (Doc. # 16, p. 1).

Although the court has determined that an evidentiary hearing is necessary - if for no other reason than to find the facts from the parties' now-divergent accounts of the underlying incidents. However, the defendant is WARNED that the court will not make a finding of consent based solely on his written contention that he did not consent or on his attorney's argument that he did not consent. The government's response to the motion, filed on 3 March 2006 (Doc. # 17), does not dispute, *inter alia*, the defendant's initial contention that he consented to the search. Moreover, the government's response can fairly be interpreted as a statement of its intent to offer evidence that (1) officers had reason to believe

that McWilliams was involved in the robbery, (2) officers had reason to believe that McWilliams was involved in the robbery or that his vehicle contained contraband, and (3) McWilliams consented to the search of his vehicle.

Inasmuch as McWilliams has urged upon the court the necessity of holding a hearing, the court anticipates his presentation of evidence that he did not consent to the search, either through his own testimony or the testimony of a witness. If McWilliams is not prepared to present evidence that he did not consent, the court will be left with undisputed sworn testimony that he did consent to the search - thus triggering the court's analysis in its order entered on 27 February 2006.

Accordingly, it is ORDERED as follows:

1. Counsel and the parties are DIRECTED to appear at an evidentiary hearing on the motion to suppress on 20 March 2006 at 2:00 p.m. in Courtroom 5A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2. On or before 15 March 2006, the defendant shall advise the court in writing of the persons whom he expects to call as witnesses and specifically the person(s) who are expected to testify that he did not consent to the search.

3. The parties are again REMINDED that the trial of this case is still set for 27 March 2006 and that the court cannot process the pending motion in time for trial on that date.[1]

---

[1] Indeed, the date for the evidentiary hearing is the consent date for the trial docket in this case.

DONE this 7th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE