IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:05CR302-WHA |
| ) | |
| SOLOMON JEROME MCWILLIAMS ) | |

## United States' Requested Voir Dire Questions

The United States of America request the Court to propound the attached questions to the jury venire in this case. The United States, however, respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 20th day of March, 2006:

          LEURA GARRETT CANARY
          United States Attorney

          /s/ Christopher A. Snyder
          CHRISTOPHER A. SNYDER
          Assistant United State Attorney
          One Court Square, Suite 201
          Montgomery, AL 36104
          Phone: (334)223-7280
          Fax: (334)223-7135
          christopher.a.snyder@usdoj.gov

1. Based on the information you have heard in Court today concerning this case, have any of you heard or read anything about this case on television, radio or in the newspaper?

If so, based on what you have heard or read, have you formed any opinion as to the guilt or innocence of the defendant?

If so, based on what you have heard or read, have you formed an opinion as to what, if anything, really happened?

Do you feel that, based on what you have heard or read, you cannot determine the guilt or innocence of the defendant solely on the evidence introduced at trial?

2. Have any of you discussed any aspect of this case with anyone who claimed to have some special knowledge of what actually occurred?

If so, with whom and under what circumstances? What knowledge did this person claim to have? Have you formed some opinion based on what this person told you?

3. Has any member of the panel, or a relative or close friend ever been employed by a local, state, or federal law enforcement agency?

If so, what position was or is held?

4. Other than a traffic ticket, has any member of the panel ever had an unpleasant experience involving law enforcement?

If so, when, and for what? By virtue of your experience, will you be able to be entirely impartial to both the prosecution and the defense in this case?

5. Has any member of the panel, or a relative or close friend ever been employed by a law firm or other organization which participates in the defense of criminal cases?

If so, please state their names, the type of law they practice and the location of their practice.

If a relative was or is so employed, do you often discuss their jobs with them?

6. Has any member of the panel ever had any dealings with or have strong feelings about the Bureau of Alcohol, Firearms, Tobacco, and Explosives (sometimes know as ATF), its Criminal Investigation Unit, the Office of the United States Attorney, the Department of Justice, the Montgomery Police Department, or any other local office of the District Attorney?

If so, please elaborate.

7. Has any member of the jury panel, or a member of his or her family, ever been employed by local, state or the federal government?

If so, in what capacity?

8. Has any member of the panel ever had any training in law or in law enforcement?

If so, please describe.

9. Does any member of the panel know the defendant, Mr. Solomon McWilliams, or any member of any Mr. McWilliams's family, or any of Mr. McWilliams's friends, on either a personal, business, or professional basis?

If so, who, and in what capacity?

If so, are you able to put aside feelings resulting from such knowledge, regardless of whether they are favorable or unfavorable to a defendant, or to any member of a

defendant's family or friends of a defendant, and decide this case solely upon the evidence?

10. Do you or any of your friends or relatives know any of the witnesses in this case (have attorneys read a list of their witnesses)?

11. Has any member of the panel, or a relative or close friend, ever been a witness to a crime?

If so, what type of crime and when did it occur? Was the case prosecuted?

Did you or your relative or close friend testify? With regard to your participation in the case, was there anything in your dealings with the police, the court, the prosecutor, or the defense lawyer that left you unhappy or unsatisfied? Please elaborate.

What was the result?

Were you satisfied with the result?

12. Do you or any of your friends or relatives know any of the attorneys in this case? If so, who and how?

13. Do you know any other member of the jury panel? If so, who and how?

14. Does any member of the panel, including friends or relatives, commemorate April 19, 1993 (the date of the ATF incident in Waco, Texas)?

15. Does anyone believe that the Federal Government does not have the right to restrict the right to bear arms or to enforce gun laws?

16. Do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the fact that a law involving the restriction of firearms is involved?

17. Have you or any of your friends or relatives ever had any unfavorable association or dealings with the United States Government, especially with the firearms? If so, who or what?

18. Can you each agree that the Government should be able to keep firearms out of hands of those not legally entitled to possess them because of age, criminal background, or incompetency?

19. Does any member of the panel believe that a convicted felon should be allowed to lawfully possess a firearm?

20. Has any member of the jury panel, or any member of your family ever had other troubles in relation to firearms?

If so, please elaborate.

21. Does any member of the panel belong to any professional, educational, religious, social or other organization?

If so, what are they?

22. Do each and every one of you understand that during the course of the trial an attorney is not permitted to speak to the jurors and, therefore, if you see an attorney in the hall or on the street, you should not hold it against the attorney if he or she does not acknowledge you or speak to you?

23. Do any of you have any feelings, whether they may be moral, religious, philosophical or otherwise that would prevent you from being a fair and impartial juror in this case or that would prevent you from sitting in judgment on your fellow man?

24. To admit to having some sympathy for the defendant or the government in this case is nothing to be ashamed of and does not reflect badly upon you as a person. However, both the government and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the evidence admitted at the trial and the instructions given by the Court?

25. Do all of you realize that as a juror, in your deliberations as to guilt, you must not consider any possible punishment?

26. Can all of you decide this case solely on the evidence presented in this courtroom, applying the law as given to you by the Court, and decide it without bias, prejudice, and sympathy? If not, please stand.

27. Is there any reason why any of you would be unable to reach a fair and impartial verdict based solely upon the evidence submitted during the trial and the instructions which the judge gives you?

28. Do any of you have any members of your family or friends who are currently incarcerated in any penal institution, jail, or community based correctional facility?

If so, what is your relationship to that individual and what crime did he/she commit?

If so, do you feel that this relationship will prevent you from being a fair and impartial juror in this case?

29. Has any member of the panel ever been a juror in a criminal case before? If so, what kind of criminal case? What was the result?

30. Has any member of the panel, or a relative or close friend, ever been the victim of a crime?

Is so, what type of crime and when did it occur? Was the case prosecuted?

Regarding the case, was there anything in your dealings with the police, the court, the prosecutor or the defense lawyer that left you unhappy or unsatisfied? Please elaborate.

Did you testify?

What was the result?

Were you satisfied with the result?

31. Do any of you have any physical problems which will interfere with your service as a juror, or will prevent you from reading the documents that are introduced into evidence or from hearing the testimony that will come from the witness stand?

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 2:05CR302-WHA |
| ) | |
| SOLOMON JEROME MCWILLIAMS ) | |

### Certificate of Service

I hereby certify that on March 20, 2005, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of filing to Mr. Kevin Butler, Federal Public Defender's Office.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail:  christopher.a.snyder@usdoj.gov